IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIHAD S. NAWABEET,

    Plaintiff,

v.                                          Case No.:

2K EXPRESS NO 10, INC. and
MOHAMMAD SAAD, an individual,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JIHAD S. NAWABEET, by and through undersigned counsel, brings this action against Defendants, 2K EXPRESS NO 10, INC. and MOHAMMAD SAAD, in his individual capacity ("Defendants") and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendants operate a gasoline service station business in Tampa, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendant, 2K EXPRESS NO 10, INC., was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant, 2K EXPRESS NO 10, INC., continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant, 2K EXPRESS NO 10, INC., was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, Defendant, 2K EXPRESS NO 10, INC., was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant, 2K EXPRESS NO 10, INC., exceeded $500,000 per year.

15. Defendant, MOHAMMAD SAAD, is the owner of 2K EXPRESS NO 10, INC.

16. As part of his duties, Defendant MOHAMMAD SAAD supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff.  Defendant MOHAMMAD SAAD also controlled the payroll practices of 2K EXPRESS NO 10, INC.

17. Through the exercise of dominion and control over all employee-related matters at 2K EXPRESS NO 10, INC, in his individual capacity MOHAMMAD SAAD is also an "employer" within the meaning of the FLSA.

18. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTS

19. Plaintiff began working for Defendants as a cashier in September 2009, and he worked in this capacity until December 2021.

20. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

21. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

22. Specifically, Plaintiff was working approximately seventy two (72) hours per week.

23. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

24. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

25. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

26. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

27. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 3rd day of June, 2022.

          Respectfully submitted,

          */s/ Christopher J. Saba*

          **CHRISTOPHER J. SABA**
          Florida Bar No. 0092016
          **WENZEL FENTON CABASSA, P.A.**
          1110 North Florida Avenue, Suite 300
          Tampa, Florida 33602
          Direct Dial: 813-321-4086
          Main Telephone: 813-224-0431
          Facsimile: 813-229-8712
          E-Mail: csaba@wfclaw.com
          E-Mail: tsoriano@wfclaw.com
          **Attorneys for Plaintiff**